UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| RICARDO GASPAR-TAPIA, ) | |
| ) | Case Nos. 1:21-cv-201; 1:19-cr-62 |
| *Petitioner*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Susan K. Lee |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent*. ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner Ricardo Gaspar-Tapia's motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2255 (Doc. 1 in Case No. 1:21-cv-201; Doc. 217 in Case No. 1:19-cr-62.) For the following reasons, the Court will **DENY IN PART** Petitioner's motion and will set an evidentiary hearing to resolve his argument that he received ineffective assistance of counsel because his lawyer did not file a notice of appeal.

I. **BACKGROUND**

On May 29, 2019, a grand jury returned a superseding indictment, charging Petitioner with one count of conspiring to distribute and possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(2)(A) and 1956(h). (Doc. 34 in Case No. 1:19-cr-62.) On October 21, 2019, Petitioner entered into an amended plea agreement, in which he agreed to plead guilty both counts. (Doc. 64 in Case No. 1:19-cr-62.) On August 21, 2020, the Court sentenced Petitioner to 130 months' imprisonment on both counts, to run concurrently, and to be followed by five years of supervised release.

(Doc. 171 in Case No. 1:19-cr-62.)  Petitioner did not appeal his conviction or sentence to the United States Court of Appeals for the Sixth Circuit.

On September 1, 2021, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (Doc. 1 in Case No. 1:21-cv-201; Doc. 217 in Case No. 1:19-cr-62.)  In his motion, Petitioner asserts that he received ineffective assistance of counsel because his counsel:  (1) failed to consult him regarding his appeal rights and failed to file a notice of appeal on his behalf despite his request; (2) failed to object at sentencing to a prior conviction that he claims was not his.  (Doc. 1, at 3–5 in Case No. 1:21-cv-201.)

## II. STANDARD OF LAW

To obtain relief under Title 28, United States Code, Section 2255, a petitioner must demonstrate:  "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)).  The petitioner "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III. ANALYSIS

To collaterally attack a conviction based on ineffective assistance of counsel, Petitioner must establish "that [his] lawyers performed well below the norm of competence in the profession and that this failing prejudiced [his] case." *Caudill v. Conover*, 881 F.3d 454, 460 (6th Cir. 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  The performance

2

inquiry requires the defendant to "show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The prejudice inquiry requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *See Rodriguez-Penton v. United States*, 905 F.3d 481, 489 (6th Cir. 2018). However, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Therefore, courts should resist "the temptation to rely on hindsight . . . in the context of ineffective assistance claims." *Carson v. United States*, 3 F. App'x 321, 324 (6th Cir. 2001); *see also Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.").[1]

Petitioner's ineffective-assistance-of-counsel claim based on his attorneys' failure to object to a prior conviction at sentencing that he claims was not his fails because he stipulated in

---

[1] Additionally, in ruling on a motion made pursuant to Title 28, United States Code, Section 2255, the Court must determine whether an evidentiary hearing is necessary. "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C. § 2255(b). "The burden for establishing entitlement to an evidentiary hearing is relatively light, and where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Id*. (internal quotations omitted). While a petitioner's "mere assertion of innocence" does not entitle him to an evidentiary hearing, the district court cannot forego an evidentiary hearing unless "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id*. When petitioner's factual narrative of the events is not contradicted by the record and not inherently incredible and the government offers nothing more than contrary representations, the petitioner is entitled to an evidentiary hearing. *Id*.

3

Case 1:21-cv-00201-TRM-SKL  Document 10  Filed 04/10/24  Page 3 of 5  PageID #: 38

his amended plea agreement and affirmed during his change-of-plea hearing that he "engaged in conduct that resulted in a conviction for a state drug trafficking offense that qualifies for an aggravating felony." (Doc. 64, at 5 in Case No. 1:19-cr-62; Doc. 218, at 22–23 in Case No. 1:19-cr-62.) The only prior conviction in Petitioner's presentence report that meets this definition is the prior conviction in Nebraska state court for unlawful possession with the intent to deliver a controlled substance. (Doc. 95, at 13.) Moreover, Petitioner has not provided the Court with any information or evidence demonstrating that this conviction is not his. As a result, Petitioner has failed to demonstrate that his attorney's performance fell below an objective standard of reasonableness by failing to object to this prior conviction or that he was prejudiced by his attorney's performance. Accordingly, the Court will deny Petitioner's motion to the extent he claims he received ineffective assistance of counsel based on his attorney's failure to object to his prior conviction.

The Court will, however, hold an evidentiary hearing on Petitioner's claim that his counsel failed to file a notice of appeal despite his instructions to do so. "An attorney performs deficiently if, after consulting with his client, he 'disregards specific instructions from his client 'to file a notice of appeal'—'a purely ministerial task.'" *Pola v. United States*, 778 F.3d 525, 532–33 (6th Cir. 2015) (quoting *Roe v. Flores-Ortega,* 528 U.S. 470, 477 (2000)). In this case, Petitioner represents that his attorney did not file a notice of appeal despite his instructions. Accordingly, the Court will conduct an evidentiary hearing regarding whether Petitioner received ineffective assistance of counsel based on counsel's alleged failure to file an appeal. *See id*. at 532–35 (holding that the district court abused its discretion by failing to conduct an evidentiary hearing when petitioner averred that his attorney did not file a notice of appeal upon his request).

4

## IV. CONCLUSION

For the reasons stated herein, Petitioner's § 2255 motion is **DENIED IN PART** to the extent he claims he received ineffective assistance of counsel based on counsel's failure to object to a prior conviction in his presentence report. The Court will, however, conduct an evidentiary hearing on whether Petitioner received ineffective assistance of counsel based on counsel's alleged failure to file a notice of appeal. The evidentiary hearing is hereby **SET** for **June 6, 2024,** at **10:00 a.m.** The Court hereby **APPOINTS** Howard Anderson to represent Petitioner at the hearing. The Court hereby **ORDERS** that the United States Marshal, or his authorized deputy, transport Petitioner from his place of incarceration to Chattanooga, Tennessee, allowing sufficient time for Petitioner to be available to meet with his attorney before the hearing.

**SO ORDERED**.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**