UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| RICARDO GASPAR-TAPIA, | ) | |
| | ) | Case Nos. 1:21-cv-201; 1:19-cr-62 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner Ricardo Gaspar-Tapia's motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2255 (Doc. 1 in Case No. 1:21-cv-201; Doc. 217 in Case No. 1:19-cr-62.) On April 10, 2024, the Court entered an order denying in part Petitioner's § 2255 motion and setting an evidentiary hearing to resolve his argument that he received ineffective assistance of counsel because his lawyer did not file a notice of appeal. (Doc. 10 in Case No. 1:21-cv-201.) For the following reasons, and based on the evidence presented at the evidentiary hearing, the Court will **DENY** Petitioner's § 2255 motion based on his remaining ineffective-assistance-of-counsel claim.

I.  BACKGROUND

On May 29, 2019, a grand jury returned a superseding indictment, charging Petitioner with one count of conspiring to distribute and possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(2)(A) and 1956(h). (Doc. 34 in Case No. 1:19-cr-62.) On October 21, 2019, Petitioner entered into an

amended plea agreement, in which he agreed to plead guilty both counts. (Doc. 64 in Case No. 1:19-cr-62.) On August 21, 2020, the Court sentenced Petitioner to 130 months' imprisonment on both counts, to run concurrently, and to be followed by five years of supervised release. (Doc. 171 in Case No. 1:19-cr-62.) After the Court pronounced Petitioner's sentence, it specifically advised Petitioner:

> Mr. Gaspar-Tapia, you have the right to appeal your conviction and the right to appeal your sentence. Any notice of appeal must be filed within 14 days of the entry of judgment or within 14 days of the filing of a notice of appeal by the government. If requested, the clerk will prepare and file a notice of appeal on your behalf.
>
> If you cannot afford to pay the cost of an appeal or for appellate counsel, you have the right to apply for leave to appeal in forma pauperis, which means you may apply to have the Court waive the filing fee. And on appeal you may also apply for court-appointed counsel.

(Doc. 221, at 13–14 in Case No. 1:19-cr-62.) Petitioner did not, however, appeal his conviction or sentence to the United States Court of Appeals for the Sixth Circuit.

On September 1, 2021, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, arguing, among other things, that he received ineffective assistance of counsel because his counsel failed to consult with him regarding his appeal rights and failed to file a notice of appeal on his behalf. (Doc. 1 in Case No. 1:21-cv-201; Doc. 217 in Case No. 1:19-cr-62.) On April 10, 2024, the Court entered an order denying in part Petitioner's § 2255 motion and setting an evidentiary hearing to resolve his argument that he received ineffective assistance of counsel because his lawyer did not file a notice of appeal. (Doc. 10 in Case No. 1:21-cv-201.)

The Court held an evidentiary hearing on June 25, 2024, and heard testimony from Petitioner and his prior counsel, Brandon Raulston. (*See* Doc. 15 in Case No. 1:21-cv-201.) During the evidentiary hearing, Raulston testified that: (1) when he spoke to Petitioner after the

sentencing hearing, he got the impression Petitioner was "a little bit disappointed that the judge didn't go down farther on the downward departure"; (2) he told Petitioner that the extent of the downward departure is an "issue that's not really colorable for appeal"; (3) he did not recall telling Petitioner specifically about his appeal rights after sentencing; (4) if he thought there was a colorable basis for an appeal he likely would have talked about it with Petitioner; and (5) he did not recall having any communications with Petitioner after his sentencing hearing. Raulston also testified, however, that Petitioner did not direct him to file a notice of appeal, and, had Petitioner done so, he would have filed the notice of appeal, even if he did not think there was a colorable basis to appeal.

The Court also heard testimony from Petitioner. Petitioner testified that: (1) he met with his attorney for only a "brief moment" after the sentencing hearing; (2) he was disappointed in the sentence he received; and (3) if his attorney had told him there were grounds to appeal, he would have taken the appeal. Petitioner also acknowledged, however, that the Court advised him of his appeal rights during the sentencing hearing and that he did not talk to his attorney about an appeal after the sentencing hearing.

In his § 2255 motion, Petitioner asserts that he received ineffective assistance of counsel based on his attorney's failure to discuss his appeal rights and failure to seek an appeal on his behalf. Petitioner motion is ripe for the Court's review.

## II.   STANDARD OF LAW

To obtain relief under Title 28, United States Code, Section 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett*

*v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). The petitioner "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### III. ANALYSIS

To collaterally attack a conviction based on ineffective assistance of counsel, Petitioner must establish "that [his] lawyers performed well below the norm of competence in the profession and that this failing prejudiced [his] case." *Caudill v. Conover*, 881 F.3d 454, 460 (6th Cir. 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The performance inquiry requires the defendant to "show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The prejudice inquiry requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *See Rodriguez-Penton v. United States*, 905 F.3d 481, 489 (6th Cir. 2018). However, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Therefore, courts should resist "the temptation to rely on hindsight . . . in the context of ineffective assistance claims." *Carson v. United States*, 3 F. App'x 321, 324 (6th Cir. 2001); *see also Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.").

"An attorney performs deficiently if, after consulting with his client, he 'disregards specific instructions from his client 'to file a notice of appeal'—'a purely ministerial task.'" *Pola v. United States*, 778 F.3d 525, 532–33 (6th Cir. 2015) (quoting *Roe v. Flores-Ortega,* 528 U.S. 470, 477 (2000)). An attorney's performance, however, is not "per se deficient simply because he does not consult with his client about the benefits and drawbacks of an appeal." *Id*. (quoting *Roe*, 528 U.S. at 479). Rather, the Court "must determine whether the attorney should have consulted with his client about an appeal because either (1) 'a rational defendant would want to appeal' or (2) the 'defendant reasonably demonstrated to counsel that he was interested in appealing.'" *Id*. (quoting *Roe*, 528 U.S. at 480). In assessing whether the attorney performed deficiently, the Court must consider "all relevant factors in a given case, which may include whether the defendant pleaded guilty, thereby reducing the number of appealable issues, or whether the defendant received a sentence longer than anticipated." *Id*. If the Court determines that "the attorney failed to file a notice of appeal either after the client's express instructions or because there is no reasonable strategic reason not to appeal, then the defendant was prejudiced because he has been deprived of the appellate proceeding altogether if there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id*. (quoting *Roe*, 528 U.S. at 483–84).

In this case, Petitioner has not demonstrated that his attorney performed deficiently by failing to consult with him after sentencing about appealing the Court's sentence. First, Petitioner pleaded guilty, thereby reducing the number of appealable issues regarding his conviction. Nonetheless, Petitioner's counsel testified that he got the impression Petitioner was "a little bit disappointed that the judge didn't go down farther on the downward departure," suggesting that counsel had reason to believe Petitioner received a sentence longer than he

anticipated. Counsel also testified, however, that he did not believe the extent of the Court's downward departure was a colorable issue for appeal, a position that is supported by Sixth Circuit precedent. *United States v. Jones*, 417 F.3d 547, 551 (6th Cir. 2005) ("Where, as in this case, the district court grants a downward departure for substantial assistance and the defendant's claim on appeal goes only to the extent of the departure, this Court has no jurisdiction over the appeal."). Although Petitioner's § 2255 counsel was able to identify potential appealable issues regarding his conditions of supervised release with the benefit of hindsight,[1] the Supreme Court of the United States has expressly directed Court's to disregard "the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. And, at the time of the challenged conduct, Petitioner's counsel only knew that Petitioner was disappointed in the extent of the Court's downward departure, an issue that was not reviewable on appeal. While the better course of action may have been for counsel to expressly discuss appeal options with Petitioner, the record is devoid of facts demonstrating that a rational defendant in Petitioner's position would want to appeal or that Petitioner reasonably demonstrated to his counsel that he

---

[1] Specifically, during Petitioner's evidentiary hearing, counsel argued, with the benefit of hindsight, that there were non-frivolous issues regarding his conditions of supervised release that he could have potentially challenged on appeal—namely, that it was inappropriate to require Petitioner to undergo drug and alcohol testing while on supervised release and that it was potentially inappropriate to impose a term of supervised release in connection with Petitioner's illegal reentry conviction (*see* Case No. 1:19-cr-63). The fact that another lawyer, with the benefit of hindsight, can comb the record and identify a non-frivolous legal issue to appeal does not demonstrate that initial counsel should have concluded that a rational defendant in Petitioner's position would want to appeal and, thus, does not demonstrate that his representation fell below an objective standard of reasonableness. If a post-hoc identification of any appealable issue is enough to demonstrate that counsel's performance fell below an objective standard of reasonableness, then every attorney representing a criminal defendant would effectively be required to file a notice of appeal in every case regardless of the facts known to counsel in the wake of a sentencing proceeding.

was interested in appealing, especially considering that the Court expressly advised Petitioner regarding his appellate rights immediately after pronouncing his sentence (Doc. 221, at 13–14 in Case No. 1:19-cr-62). Accordingly, the Court will deny Petitioner's § 2255 motion because he has not demonstrated that his counsel's performance fell below an objective standard of reasonableness such that he received ineffective assistance counsel.

## IV.    CONCLUSION

For the reasons stated herein, Petitioner's § 2255 motion (Doc. 1 in Case No. 1:21-cv-201; Doc. 217 in Case No. 1:19-cr-62) is **DENIED** to the extent he claims he received ineffective assistance of counsel based on counsel's failure to object to a prior conviction in his presentence report. Should Petitioner give timely notice of an appeal from this Order, such notice will be treated as an application for a certificate of appealability, which is hereby **DENIED** since he has failed to make a substantial showing of the denial of a constitutional right or "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court [is] correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *see also* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**. *See* Fed. R. App. P. 24

AN APPROPRIATE JUDGEMENT WILL ENTER.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**